IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TAMMY VANRIPER, et al.**,                        Case Number 3:13cv2102

    Plaintiffs,

    v.                                                              Magistrate Judge James R. Knepp, II

**LOCAL 14, INTERNATIONAL UNION
UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, et al.,**

    Defendants.                                          MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Plaintiffs are 55 employees of General Motors, LLC ("GM") who work at the GM Powertrain Plant in Toledo, Ohio ("Powertrain Toledo"). (Doc. 1, at ¶2). They allege Defendant GM breached the relative collective bargaining agreement ("CBA") and Defendants UAW International and UAW Local 14 (collectively "the Union Defendants") breached their duty of fair representation. (Doc. 1). Both GM and the Union Defendants ("Defendants") moved for summary judgment on all counts, to which Plaintiffs responded. (Docs. 40, 42, 48). On November 25, 2014, the Court held oral argument on Defendants' motions for summary judgment, and allowed the parties the opportunity to provide supplemental briefs. (Doc. 51, 52, 53, 54). On January 2, 2015, this Court issued an Opinion and Order which granted Defendants' motions for summary judgment and dismissed all Plaintiffs' claims. (Docs. 55, 56).

On February 27, 2015, Plaintiff Tammy VanRiper, *pro se*, filed a motion for extension of time for 30 days to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(ii).

(Doc. 57). Both GM and the Union Defendants filed responses in opposition to Plaintiff's motion for an extension of time. (Doc. 58, 59).

For the following reasons, the Plaintiff's request for an extension of time is denied.

### STANDARD OF REVIEW

Federal Rule of Appellate Procedure 4(a)(1) states a notice of appeal, absent other circumstances, must be filed within 30 days after the entry of judgment or order. Compliance with the time limits of this rule is mandatory and jurisdictional. *Budinich v. Becton Dickinson & Co*., 486 U.S. 196, 203 (1988). However, a district court may extend the time to file a notice of appeal if:

> (i) A party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) Regardless of whether its motion is filed before or during the 30 days after the time prescribed this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A)(i-ii). A motion for extension of time filed after the initial 30-day period "may only be granted upon a showing of 'excusable neglect,' showings of 'good cause' are relevant only when the motion is filed before the expiration of the initial appeal period." *Curry v. Eaton Corp.,* 400 F. App'x 51, 56 (6th Cir. 2010).

Excusable neglect was defined by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993); although this interpretation was made in the context of the Federal Rules of Bankruptcy, the Sixth Circuit held this interpretation also applies to Fed. R. App. P. 4(a)(5). *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996). The Supreme Court stated in regard to excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include…the danger of prejudice to the [other party],

> the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer,* 507 U.S. at 395. A party must first establish excusable neglect; only after such a showing may the court examine questions of prejudice or bad faith. *Thompson*, 82 F.3d at 702 (citing *Pioneer*, 507 U.S. at 397–98). "If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension." *Id*. A court acts within its discretion when it only allows leave for late filing in "unique or extraordinary circumstances." *Marsh v. Richardson,* 873 F. 2d 129, 130 (6th Cir. 1989).

## ANALYSIS

Preliminarily, the Court notes that the motion appears to have been filed on behalf of all Plaintiffs (Doc. 57) but Plaintiff VanRiper is not an attorney and thus cannot file a *pro se* motion on behalf of all Plaintiffs in this case. However, the Court will address Plaintiff VanRiper's request for an extension of time as pertains to her personal interest in this matter.

Here, Plaintiff filed her motion for extension of time on February 27, 2015; a date outside of the initial 30-day appeal period but within the additional 30-days outlined by Fed. R.App. P. 4(a)(5). Thus, because it was not within the initial period she may only receive relief if she makes a showing of excusable neglect. *Curry,* 400 F. App'x at 56. In her motion, she requested relief because "we have not been able to get our lawyer to respond to communications from us" and because "it has taken time for us as non-lawyers to research filing an appeal on our own." (Doc. 57). Neither of these assertions is supported by evidence.

Even so, addressing her first assertion the Court finds a "a determination of 'excusable neglect' does not turn solely on whether the client has done all that he reasonably could do to

ensure compliance with a deadline; the performance of the client's attorney must also be taken into account." *Allen v. Murph,* 194 F.3d 722, 724 (6th Cir. 1999) (citing *Pioneer,* 507 U.S. at 396–97). In *Pioneer*, the Supreme Court expressly rejected a suggestion that "it would be inappropriate to penalize [the clients] for the omissions of their attorney;" but rather clients must "be held accountable for the acts and omissions of their chosen counsel." 507 U.S. at 396–97. Thus, it is appropriate for the Court to examine the neglect of the Plaintiff's attorney, who remained counsel of record after the judgment entry and knew or should have known of the requirement to file an appeal within 30 days. Here, Plaintiff has failed to prove with any evidence that she or her counsel acted diligently to preserve the right to appeal. Therefore, the Court finds this error inexcusable.

As to Plaintiff's second assertion that the delay in filing was due to her need to perform her own research on how to file an appeal, the Court finds it is without merit. Federal Rule of Appellate Procedure 4(a) is readily available both in hard copy and electronically, and it clearly states a party has 30 days to file an appeal. Particularly relevant here, is the Sixth Circuit has held "[i]gnorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *Nicholson v. City of Warren*, 467 F.3d 525 (6th Cir. 2006).  Thus, Plaintiff has failed to prove her actions were excusable.

## CONCLUSION

For the foregoing reasons, the Plaintiff has not proven "unique or extraordinary circumstances" which would cause this Court to grant her motion for an extension of time to file her appeal. *Marsh,* 873 F. 2d at 130. Thus, Plaintiff's motion is denied.

IT IS SO ORDERED.

                                                  s/James R. Knepp II  
                                                  United States Magistrate Judge